The prothonotary is directed to notify the parties or their counsel of this order.

## Commonwealth v. 2101 Cooperative, Inc. (No. 2)

*Morris J. Dean*, Deputy Attorney General, and *Anne X. Alpern*, Attorney General, for Commonwealth.

*Manuel Kraus*, for defendant.

KREIDER, J., October 31, 1961.—We have before us two appeals (nos. 424 and 426 Commonwealth docket

1958) from the refusal of the Pennsylvania Board of Finance and Revenue to strike off a foreign excise tax liability assessed against defendant, 2101 Cooperative, Inc., for the period ended December 31, 1953, and the year ended December 31, 1954, in the amount of $1,-098.30 and $9,002.26 respectively. . . .

In paragraph 16, the parties have stipulated that defendant was never issued a "Certificate of Authority" by the Department of State to do business in this Commonwealth under the provisions of the Business Corporation Law, the Act of May 5, 1933, P. L. 364, as amended, 15 PS §2852.1 et seq., or the Nonprofit Corporation Law, the Act of May 5, 1933, P. L. 289, as amended, 15 PS §2851.1 et seq.

In paragraph 17, the parties stipulated as follows: Defendent filed with Department of State the power of attorney and statement provided for in the Act of June 11, 1911, P. L. 710, 15 PS §3141 et seq. The filing of such an instrument was not intended by defendant as an acknowledgment that the corporation was engaged in business for profit but rather as a voluntary submission to the jurisdiction of the courts of Pennsylvania. . . .

The Pennsylvania Excise Tax Act of July 25, 1953, P. L. 560, supra, defines a foreign corporation as one which was issued a "Certificate of Authority by the Department of State to do business within this Commonwealth". Defendant argues that it did not register as a foreign corporation engaged in business in Pennsylvania, and that consequently it did not receive a certificate of authority to do business in this Commonwealth, and that therefore it must be exempt from the excise tax act because the definition of foreign corporations in that act defines such corporation as one which has been issued a certificate of authority by the Department of State. Consequently, defendant maintains that the Excise Tax Act of 1953, supra, manifested

an intention *not* to tax those corporations which are authorized to do business in Pennsylvania without issuance of a "Certificate of Authority".

Defendant concedes, however, that it *did register* in the Department of State the power of attorney and statement provided for in the Act of June 8, 1911, P. L. 710, 15 PS §3142. By this act, "Every foreign corporation, before doing any business in this Commonwealth, shall appoint, in writing, the Secretary of the Commonwealth . . . to be its true and lawful attorney and authorized agent, upon whom all lawful process in any action or proceeding against it may be served; . . ." That act further provides that "The power of attorney shall be executed with the seal of the corporation, and signed by the president and secretary thereof; and shall contain a statement showing the title and purpose of said corporation, the location of its principal place of business in the Commonwealth, and the postoffice address within the Commonwealth to which the Secretary of the Commonwealth shall send by mail any process against it served on him; . . ."

Defendant contends and the parties have stipulated that the filing of the power of attorney and statement was not an acknowledgment that defendant corporation was engaged in business for profit, but rather a voluntary submission to the jurisdiction of the courts of Pennsylvania. Defendant argues that *registration* with the Department of State under the Act of 1911 is *not the same* as issuance of a certificate of authority to do business and, therefore, defendant is not liable for the payment of an excise tax under the literal definition of a foreign corporation as one to whom a certificate of authority has been issued. The Commonwealth rejects defendant's conclusion for two reasons: First, that the Act of June 8, 1911, supra, contemplates the issuance of a "Certificate of Authority" even

though it is not described precisely in those terms in the act. Section 2 of that act provides in relevant part:

"Every . . . foreign corporation, before doing any business in this Commonwealth, shall appoint, in writing, the Secretary of the Commonwealth . . . to be its true and lawful attorney and authorized agent, upon whom all lawful processes in any action or proceeding against it may be served; . . . Upon the payment of a fee of ten dollars, for the use of the Commonwealth, the said power of attorney and statement shall be filed in the office of the Secretary of the Commonwealth, and copies certified by him shall be sufficient evidence thereof. . . ."

It is further contended that the Commonwealth followed the practice of providing more than a certification of copies of papers filed by foreign corporations by using its own document, a copy of which appears above in a footnote in this opinion. It is contended that this document clearly has all of the attributes of a "certificate of authority".

The Commonwealth, in support of its position, also calls attention to the recent amendment to the Act of 1911, supra, in which the *legislature itself described the certification* mentioned in that act *as a "Certificate of Authority"*. In the amendatory act of September 23, 1959, P. L. 967, 15 PS §3144.1, the legislature made provision, for the first time, for the withdrawal of foreign corporations from the doing of business in Pennsylvania. It reads, in pertinent part:

"Any corporation having received a certificate of authority under this Act [Act of June 8, 1911] may withdraw from doing business in this Commonwealth and surrender its certificate of authority by filing with the Department of State an application for a certificate of withdrawal. . . ."

Consequently, the Commonwealth contends the lan-

guage of the act of 1911, the nature of the document actually issued under that act, and the description applied by the legislature to this document by a recent amendment to the act of 1911, all uphold the Commonwealth's contention that the document received by defendant upon its filing a power of attorney and statement with the secretary of the Commonwealth was a "Certificate of Authority".

Regardless of the question whether or not the act of 1911 provides for a certificate of authority, we think that the Excise Tax Act of 1953 clearly indicates that the *basis of the tax is the privilege of doing business* in this Commonwealth. Section 2 of that act provides:

"Imposition of Tax. From and after the effective date of this act, every foreign corporation, in addition to complying with all the laws of the Commonwealth now or hereafter in effect, shall, for the privilege of exercising its franchises in Pennsylvania, pay to the Department an excise tax of one-third of one per centum upon the amount of any increase of capital actually employed wholly within this Commonwealth."

It is not disputed that the defendant foreign corporation acquired authority to do business in Pennsylvania under the act of 1911. We believe it would be unrealistic to hold that two foreign corporations, alike in the essential respect that they both have acquired the privilege of doing business in Pennsylvania, are nevertheless to receive dissimilar tax treatment simply because one has received a particular document and the other has not. Such a construction would result in a constitutionally fatal lack of uniformity of taxation in disregard of the policy of the courts to interpret a statute so as to avoid an unconstitutional result.

For the reasons above stated, the appeals of defendant, 2101 Cooperative, Inc., in nos. 424 and 426 Commonwealth docket 1958 should be dismissed. The par-

ties have stipulated * the amount of the judgment to be entered in favor of the Commonwealth if the latter's position should be sustained. Accordingly, we enter the following

*Order*

And now, October 31, 1961, it is ordered and decreed that the Pennsylvania foreign excise tax of defendant, 2101 Cooperative, Inc., for the years ending December 31, 1953 and 1954, be resettled at $1,098.30 and $9,002.26 respectively, and that judgment be entered in favor of the Commonwealth of Pennsylvania and against 2101 Cooperative, Inc. in said amounts. Costs shall be paid by defendant.

The prothonotary is directed to notify the parties or their counsel of this order.

---

* Stipulation of Facts, Par. 22.

"Under the Commonwealth's theory of the case, the defendant's Foreign Excise Taxes for the years ending December 31, 1953 and 1954 should be resettled at $1,098.30 and $9,002.26, respectively, and judgment entered in favor of the Commonwealth and against defendant in said amounts.

"Under defendant's theory of the case, the said taxes should be resettled at none."